IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Plaintiff,

v.                                                 No. CIV 06-1200 WJ/CEG

RONALD TORREZ, et al.,

       Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

THIS MATTER is before me on Plaintiff's Declaration (Doc. 24), which the Court, as well as Defendants, have construed as a motion to amend his Complaint. Plaintiff, an inmate at the Metropolitan Detention Center ("MDC"), filed his original Complaint on December 12, 2006. He alleges that he is Roman Catholic and is "being forced to participate in the Christian fellowship and being locked in [his] room by [Chaplain Watson] for not wanting to convert." *Doc. 1* at 2. He also alleges that Chaplain Watson allows individuals of the Muslim faith to be involved in the educational programs, but refuses to allow Plaintiff to pursue his faith. *Id.* at 3. As relief, Plaintiff seeks $500,000 for "violation of [his] civil right to freedom of religion." *Id.* at 6. Defendants answered the Complaint, but have not filed a dispositive motion. *See Doc. 20*.

Plaintiff seeks to amend his complaint and assert that "Chaplin [*sic*] Rel Watson was removed from running the program pod for alleged drug smuggling 'Contraband' into [the] institution." *Doc. 24*. In response, Defendants contend that based on Plaintiff's allegations, the proposed amendment would not survive a motion to dismiss, and therefore, must be denied as futile. I agree.

Whether to grant a party an opportunity to amend a pleading rests within the Court's discretion. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). The Court should freely give leave to amend when "justice so requires." *Id.*; Fed. R. Civ. P. 15(a). A court may deny a party's motion to amend if the amendment would be futile. *Id.* A proposed amendment is futile if it would be subject to dismissal for any reason. *See Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Here, Plaintiff's proposed amendments have no relation to his existing claims, and make no allegations that Chaplain Watson's removal adversely affected Plaintiff in any way. After a review of the record, I find that Plaintiff has failed to set forth factual allegations that would support a claim for relief. As such, his proposed amendment would not survive a motion to dismiss and should be denied as futile.

IT IS HEREBY RECOMMENDED THAT Plaintiff's Motion to Amend (Doc. 24) be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE