IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

        Plaintiff,

v.                                       No. CIV 06-1200 WJ/CEG

RONALD TORREZ, et al.,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 38), Plaintiff's Objections (Doc. 41), and Plaintiff's Motion to Reconsider (Doc. 40). On December 20, 2007, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted and that this case be dismissed with prejudice. The Court has reviewed Plaintiff's lengthy objections de novo, and concurs with the Magistrate Judge's recommendation. Simply put, Plaintiff has failed to demonstrate that his free exercise rights have been violated.

As for Plaintiff's Motion to Reconsider, pursuant to Fed. R. Civ. P 59(e), the Magistrate Judge's proposed findings were "obviously not a final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); Fed. R. Civ. P. 54(b). Plaintiff's Rule 59(e) motion is, thus, a premature motion to reconsider. *Id.* The Court, nevertheless, will treat Plaintiff's motion here, erroneously termed a Rule 59(e) motion, "as an effective Rule 59(e) motion" upon the entry of final judgment in a case. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1272 (10th Cir. 2001) (citing *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989) ("Although Rule 59

motions are to be served not later than ten days after entry of judgment, courts and commentators generally agree that this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered.")).

The "limited grounds [that] support a Rule 59(e) motion" include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Schlussler-Womack v. Chickasaw Tech. Prods. Inc.*, 116 Fed.Appx. 950, 954 (10th Cir. 2004) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000), and *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Plaintiff advances no grounds that warrant reconsideration. Accordingly, his motion will be denied.

Wherefore,

IT IS HEREBY ORDERED THAT:

1)      the Proposed Findings and Recommended Disposition (Doc. 38) are adopted;

2)      Defendants' Motion for Summary Judgment (Doc. 32) is granted;

3)      Plaintiff's Motion for Reconsideration (Doc. 40) is denied; and

4)      this matter is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE